UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81297-CIV-MARRA

THOMAS G. HINNERS,

Appellant,

v.

ARGENT CORP., JEROME J.
MANSKE and PATRICK MANSKE,

Appellees.

_____/

**OPINION AND ORDER**

This cause is before the Court on the appeal by Thomas G. Hinners ("Appellant" "Hinners") of the July 31, 2013 orders of the bankruptcy court (1) granting summary judgment in favor of Argent Corp. ("Argent"), Jerome J. Manske and Patrick Manske (the "Manskes") (collectively, "Appellees") and denying Hinners' cross motion for summary judgment in adversary proceeding number 13-1077-BKC-PGH-A and (2) granting in part Argent and the Manskes' motion for summary judgment, denying Hinners' cross motion for summary judgment and abstaining from hearing count one of the amended complaint in adversary proceeding number 12-1872-BKC-PGH-A.  Appellees also bring a motion for sanctions (DE 12).  The Court has carefully considered the appeal and motion, the briefs of the parties, the entire record on appeal, and is otherwise fully advised in the premises.

I. Background

The facts, based upon the parties' statement of facts in their appellate briefs and the appellate record, are as follows:

This case stems from a 1987 default judgment entered in Wisconsin against Hinners and in favor of the Manskes and a subsequent order entered in 1994 by the Palm Beach County Circuit Court ("PBC Order") finding that the 1987 judgment was released and that any proceedings to collect were barred, permanently stayed and enjoined.

In 1985, the Manskes sued Hinners in Wisconsin Circuit Court under eleven separate causes of action, including fraud and breach of contract. Hinners appeared in the 1985 Wisconsin action and filed an answer, affirmative defenses and a counterclaim. On February 23, 1987, counsel for Hinners obtained an order authorizing him to withdraw from the 1985 Wisconsin action. Thereafter, on June 18, 1987, the matter came before the Wisconsin Circuit Court for trial. The Manskes appeared at the trial with counsel, but Hinners failed to appear.

On June 29, 1987, the Wisconsin Circuit Court entered findings of fact and conclusions of law. In its findings of fact and conclusions of law, the Wisconsin Circuit Court stated that the Manskes reasonably relied on false representations made by Hinners which (1) Hinners knew were false; (2) Hinners made with intent to induce action and (3) resulted in damages to the Manskes. Additionally, the Wisconsin Circuit Court found that Hinners was a resident of Wisconsin as of the date of the commencement of the 1985 Wisconsin action. On September 24, 1987, the Wisconsin Circuit Court entered a judgment in favor of the Manskes and against Hinners in the amount of $239,354.10 (the "1987 Judgment"). Subsequent to the 1987 Judgment, Hinners filed a motion to reopen the 1985 Wisconsin action, asserting, among other

things, that he failed to receive notice of the trial. The Wisconsin Circuit Court considered the Motion to Reopen, reviewed the briefs and oral arguments, and ultimately denied Hinners' motion to reopen.

In 1993, the Manskes attempted to domesticate the 1987 Judgment in Florida. However, on October 13, 1994, the Palm Beach County Circuit Court entered an Order, holding that the 1987 Judgment recorded in Florida was "released" and that any proceedings to enforce or collect the 1987 Judgment in Florida were barred and permanently stayed and enjoined. The Manskes did not appeal the 1994 PBC Order. In May 1995, the Manskes filed a motion in the Wisconsin Circuit Court seeking leave to bring an action on the 1987 Judgment. The Wisconsin Circuit Court granted the motion, finding that Hinners was properly served, that he had not filed a response or otherwise appeared, and that there was good cause as required by Wisconsin Statutes § 806.23. On February 11, 1997, the Wisconsin Circuit Court issued a new judgment, by default, in favor of the Manskes and against Hinners in the amount of $239,354.10 plus interest at 12% per annum from June 18, 1987 (the "1997 Renewal Judgment"). There were no separate findings of fact issued in connection with the 1997 Renewal Judgment.

On May 12, 2010, Jerome Manske entered into an agreement with Argent to collect on the debt owed by Hinners. On or about December 28, 2011, Patrick Manske also entered into an agreement with Argent to collect on the debt owed by Hinners (the "Collection Agreements").

In September 2010, the Manskes again filed a motion in the Wisconsin Circuit Court for leave to file suit against Hinners. Counsel for Hinners filed a notice of appearance as to the motion for leave to file suit. Following a hearing on that motion, the Wisconsin Circuit Court granted leave to file suit. Accordingly, on September 27, 2010, the Manskes filed a complaint in

Wisconsin Circuit Court to reinstate and renew the 1997 Renewal Judgment (the "2010 Renewal Action"). Both the motion for leave to file suit and the complaint and summons filed in the 2010 Renewal Action were personally served on Hinners. Subsequently, on or about January 24, 2011, the Wisconsin Circuit Court entered another judgment in favor of the Manskes and against Hinners (the "2011 Renewal Judgment," and together with the 1987 Judgment and the 1997 Renewal Judgment, the "Wisconsin Judgments"). The Wisconsin Circuit Court did not make any separate findings of fact in connection with the 2011 Renewal Judgment.

In March 2011, an attempt to domesticate the 2011 Renewal Judgment was made in Florida. On April 1, 2011, Hinners timely filed an action in the Palm Beach County Circuit Court to stay the enforcement of the 2011 Renewal Judgment (the "PBC Stay Action"). While the PBC Stay Action was pending, Argent filed an involuntary chapter 7 bankruptcy petition against Hinners. On February 28, 2012, Argent filed an amended involuntary petition listing the Manskes, with Argent as their agent, as additional petitioning creditors. On March 2, 2012, Hinners filed a Motion to Convert Involuntary Chapter 7 Case to Chapter 11. The bankruptcy court granted this request and entered an Order for Relief under Chapter 11. On October 31, 2012, the bankruptcy court entered an Order Granting Motion to Reconvert Case to Chapter 7, which granted Hinners' motion to convert his case from chapter 11 to chapter 7.

On August 30, 2012, Hinners instituted a separate adversary proceeding against Argent and the Manskes seeking (1) a determination of the validity, priority, extent, and amount of Argent and the Manskes' interests pursuant to Rule 7001(2); (2) declaratory relief finding that the Collection Agreements are champertous; (3) declaratory relief finding that Argent had no authority to file an involuntary petition against Hinners and (4) an order sustaining Hinners'

4

objection to Argent's proof of claim. (Case No. 12-01872-ADV-PGH.)  Both parties filed motions for summary judgment on all counts.  The bankruptcy court held that the collection agreements between the Manskes and Argent was not champertous and abstained from determining Argent and the Manskes' claims against Hinners based upon the 2011 Renewal Judgment due to the pending Florida state action.

On January 28, 2013, Argent and the Manskes instituted adversary proceeding 13-1077-BKC-PGH seeking (1) a determination of the nondischargeability of the debt owed by Hinners to Argent and the Manskes pursuant to 11 U.S.C. § 523(a)(2)(A); (2) denial of Hinners' discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and (3) denial of Hinners' discharge pursuant to 11 U.S.C. § 727(a)(2)(B).  On April 19, 2013, Argent and the Manskes filed a motion for summary judgment seeking judgment as a matter of law as to count one based upon the principles of collateral estoppel or issue preclusion that the debt arising from the 1987 Judgment is a debt for "money, property, services. . .obtained by. . .false pretenses, a false represenation, or actual fraud."  The bankruptcy court held all the elements of collateral estoppel were established.  The bankruptcy court also abstained from determining whether the 1994 PBC Order barred the enforcement of the 2011 renewal judgment in the state of Florida.

Hinners makes the following arguments on appeal: (1) the bankruptcy court erred in finding that collateral estoppel applied and should have relied upon the case of In re Conway, 148 B.R. 881 (Bankr. E.D. Wis. 1992); (2) the bankruptcy court should have found the collections agreement to be unenforceable due to champerty; (3) the bankruptcy court should have found that Appellees had no claims against Appellant; (4) the bankruptcy court should have found that Appellees improperly filed the involuntary petition; (5) the bankruptcy court should

have sustained Appellant's objection to Appellees' proof of claim and (6) the summary judgment motion should have been stricken as untimely.

### II. Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992). An appellate court may affirm the lower court "where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected" by the lower court. Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992).

### III. Discussion

The bankruptcy court did not err when it determined that collateral estoppel applied to the 1987 Judgment (and the related findings of fact and conclusions of law) issued by the Wisconsin Circuit Court which concluded that Hinners committed fraudulent misrepresentation and thereby established, as a matter of law, that the debt arising from the 1987 judgment is a debt "for money, property, services . . . obtained by . . . false pretenses, a false representation, or actual fraud" pursuant to 11 U.S.C. § 523(a)(2)(A).

It is well-established that a judgment entered by a court of competent jurisdiction based on the doctrine of collateral estoppel may have a preclusive effect prohibiting any further litigation of the issues decided. In re Edger, 228 B.R. 772 (Bankr. M.D. Fla. 1998). The Eleventh Circuit in In re St. Laurent, explained that if the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect. St. Laurent v. Ambrose, (In re St. Laurent), 991 F.2d 672 (11th Cir.1993); In re

Touchstone, 149 B.R. 721, 725 (Bankr. S.D. Fla.1993).  Under Wisconsin law, "in order for issue preclusion to be a potential limit on subsequent litigation, the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and be necessary to the judgment." Mrozek v. Intra Fin. Corp., 699 N.W.2d 54, 61 (Wis. 2005). "If the issue actually has been litigated and is necessary to the judgment, the circuit court must then conduct a fairness analysis to determine whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand."  Id.

      According to Appellant, the facts underlying the Wisconsin case were never "actually litigated" as required by Wisconsin law based on Hinners' failure to attend the trial or the hearing on damages.  The bankruptcy court, however, correctly noted that the type of default judgment entered by the Wisconsin court against Hinners was not the "typical, pure default judgment" that results in an exception to the application of collateral estoppel.  See Stoll v. Conway (In re Conway), 148 B.R. 881, 885 (Bankr. E.D. Wis. 1992) (citing Herwig v. Herwig (In re Herwig), 77 B.R. 662 (Bankr .S.D. Ill. 1987) (discussing an atypical default case wherein the defendant filed an answer and counterclaim but failed to appear for trial and the court found collateral estoppel applied).  There was adequate record evidence to show that Hinners participated in the proceedings, including his filing of an answer, affirmative defenses, a counterclaim and representation by counsel for approximately two years of litigation.  Moreover, although Hinners claimed to the Wisconsin court that he never received notice of the trial date, the Wisconsin court found that the trial date was set four months before Hinners' counsel withdrew from the case.  In addition, Hinners himself was an attorney licensed in Wisconsin. Hence, there was ample evidence for the bankruptcy court to conclude that the Wisconsin court properly determined that

Hinners sought to avoid participating in the litigation.  See Heggy v. Grutzner, 456 N.W.2d 845, 849 (Wis. App. 1990) (finding the default exception to collateral estoppel should not apply where the defendant clearly evaded opportunities to litigate).  Furthermore, the failure to appear does not mean that issue of fraud was not "actually litigated."  Indeed, the Wisconsin court held a trial and issued findings of fact and conclusions of law.  As such, the issue of fraud was actually litigated.

For this reason, the Court rejects Hinners' reliance on In re Conway.  In that case, the defendant filed an answer but failed to appear at the pretrial conference or submit any documents required by the pretrial order.  Conway, 148 B.R. at 885.  Significantly, the trial court heard no evidence regarding causation and liability before granting the plaintiff a default judgment on those issues.  Id.  The Conway court found that the defendant's liability was never "actually litigated" and collateral estoppel could not apply. Id. at 885-86.  In contrast, in the instant case, the Wisconsin court entered findings of fact and conclusions of law and did not enter a default final judgment on the sole basis that Hinners failed to appear.

Equally unpersuasive is Appellant's argument that the specific findings of fraud by the Wisconsin court were not critical and necessary for the entry of judgment against Hinners and the issues in the two cases were not identical.  The bankruptcy court carefully analyzed Wisconsin common law on fraud as well as the elements of fraud under 11 U.S.C. § 523(a)(2)(A) and found that the elements are virtually identical and the common law elements encompass the elements Appellees were required to prove to prevail on their section 523 claim.  Compare Clark v. Bryant (In re Bryant), 241 B.R. 756, 764-65 (Bankr. M.D. Fla. 1999) (discussing elements of a section 523(a)(2)(A) claim) with Green Spring Farms v. Kersten, 401 N.W.2d 816, 821 n.5 (Wis. 1987)

8

(elements of common law fraudulent misrepresentation).  Likewise, the bankruptcy court correctly concluded that Wisconsin court's factual findings were essential to that court's conclusion that Hinners committed fraudulent misrepresentation.

Next, the Court will address Appellant's argument that the bankruptcy court should have found the collections agreements, whereby the Manskes assigned to Argent the right, title and interest to recover and execute on the Wisconsin judgments, to be unenforceable due to champerty.  Champerty is an "ancient common law doctrine" which Black's Law Dictionary defines as "[a]n agreement between an officious intermeddler in a lawsuit and a litigant by which the intermeddler helps pursue the litigant's claim as consideration for receiving part of any judgment proceeds."  Columbia Hosp. for Women Med. Ctr., Inc. v. NCRIC, Inc. (In re Columbia Hosp. for Women Med. Ctr., Inc.), 461 B.R. 648, 677 (Bankr. D.C. 2011); Black's Law Dictionary (9th ed. 2009).  According to Appellant, champertous contracts are void under Wisconsin law, relying upon Miller v. Anderson, 196 N.W. 869 (Wis. 1924).  The Court can easily dispose of this contention as the bankruptcy court correctly noted that Wisconsin has done away with the doctrine of champerty by statute.  See Yorgan v. Durkin, 715 N.W.2d160, 175 (Wis. 2006) (Roggensack, J., dissenting) (noting that champerty has been abrogated by statute); Wis. Statute § 895.375.[1]   For this reason, the Court rejects Appellant's claim that the bankruptcy court erred in finding that the collection agreements are not unenforceable on this basis.

---

[1] Abrogation of defense that contract was champertous

No action, special proceeding, cross complaint or counterclaim in any court shall be dismissed on the ground that a party to the action is a party to a contract savoring of champerty or maintenance unless the contract is the basis of the claim pleaded.

W.S.A. 895.375.

The Court now turns to Appellant's challenge to the bankruptcy court's decision to abstain from deciding if the 1994 PBC Order prevented the enforcement of the 2011 Judgment. The bankruptcy court properly noted that there was a pending state court action in which Florida courts would decide whether the 2011 Judgment was enforceable in Florida. The Court finds that the bankruptcy court properly applied the factors provided for in the permissive abstention statute, 28 U.S.C. § 1334(c)(1).[2] Indeed, while courts do not generally permissively abstain from hearing a case, they do so when there is a pending state court action in favor of which the federal court should abstain. All Amer. Semiconductor, Inc. v. Peoplesoft, USA, Inc. (In re All Amer. Semiconductor), No. 07–12963–BKC, 2010 WL 2854153, at * 3 (S.D. Fla. July 20, 2010); see Alvarez v. Johnson, Blakely, Pope, Bokor, Ruppel and Burns, P.A. (In re Alvarez), 200 B.R. 259, 261 (Bankr. M.D.Fla.1996) ("[B]oth the mandatory and optional abstention provisions were designed by Congress to apply to cases which are already filed and pending in a non-bankruptcy forum prior to the commencement of the case.").

The remaining arguments by Appellant are easily dismissed. Appellant renews its argument that Appellees improperly filed the involuntary petition, yet fails to point to any evidence it provided to the bankruptcy court to contradict the affidavit of Patrick Manske in which he stated he authorized his brother to execute the collection agreement and Argent to file

---

[2] 28 U.S.C. § 1334(c)(1) provides:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

the involuntary bankruptcy petition. With respect to Appellant's argument that the bankruptcy court should have sustained Appellant's objection to Argent's proof of claim, the bankruptcy court properly determined that there was no genuine dispute to Argent's proof of claim and noted that if the Florida court determined that the 2011 Renewal Judgment was unenforceable, Appellant could object to the proof of claim on that basis. Lastly, the bankruptcy court did not abuse its discretion by considering untimely filed motions for summary judgment, especially when there was no showing of prejudice. See Sly v United States (In re Sly), 305 B.R. 67, 70 (Bankr. N.D. Fla. 2003) (denying motion to strike untimely summary judgment motion because "its defenses, if not dealt with now, will merely be delayed until trial. There is no reason to wait to determine these issues."); see also Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 F. App'x 586, 595 (11th Cir. 2008) (courts "enjoy broad discretion in deciding how best to manage the cases before them . . . and that discretion extends to whether to consider untimely motions for summary judgment").[3]

       Finally, the Court will address Appellee's motion for sanctions. Rule 8020 of the Federal Rules of Bankruptcy Procedure provides in pertinent part that "a district court . . . may . . . award just damages and single or double costs" if the district court finds that the appeal from an order of the bankruptcy court is frivolous. Steffen v. Berman, No. 8:09-CV01953-T-RAL, 2010 WL 2293235, at * 1 (M.D. Fla. June 7, 2010). In determining whether an appeal was frivolous, the Court must determine whether "the result is obvious or when the appellant's argument is wholly

---

[3] The Court notes that Appellant makes a general complaint that the bankruptcy court ought to have denied Appellees' motion for summary judgment "due to the multitude of disputes over genuine issues of material fact." (DE 9 at 16.) Appellant's motion does not identify any of these facts. Although he raises some factual disputes in his reply memorandum, none of these disputes are material.

without merit." Id. (citing Property Movers, LLC v. Goodwin, 31 Fed. Appx. 81, 83 (4th Cir.2002) and Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995)). Furthermore, "an award of sanctions is justified if there is 'some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy.'" Id. (quoting Henry v. Farmer City State Bank, 808 F.2d 1228, 1241 (7th Cir.1986)).

After careful review of the record, the Court finds that an award of sanctions is not justified. While Appellant was not successful in the appeal, the Court does not find the appeal was frivolous or brought in bad faith. In particular, there was a legitimate question as to whether collateral estoppel can be applied to a judgment entered when one party did not appear at trial. Although the Court did not ultimately agree with Appellant, that does not make the appeal frivolous or brought in bad faith.

IV.  Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of Bankruptcy Judge Paul G. Hyman is **AFFIRMED**. The motion for sanctions (DE 12) is **DENIED**.

This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of May, 2014.

                                                      KENNETH A. MARRA
                                                     United States District Judge